**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRENT HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | § | **Case No. 4:26-CV-00534**<br><br>**ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THIS HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiffs, JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRENT HENRIKSON; and JILL HENRIKSON; (herein collectively referred to as "PLAINTIFFS"), and as of the file marked date files this Plaintiffs' Original Complaint, complaining of MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC. ("MARA" or "DEFENDANT"), hereby bring this action upon information and belief, and hereby allege that the unbearable noise conditions DEFENDANT has created, continues to create, and have so caused to proliferate by and through operation of its Bitcoin cryptomining operation

("Cryptomine") in located in Hood County, Texas, at 2001 Mitchell Bend Hwy, Granbury, Texas 76048. MARA's employees and/or agents, are tasked with and responsible for the operation, control, noise abatement and continuity of the Cryptomine. The excessive and unbearable noise, vibrations and low frequency sounds emissions created by Defendant constitute a nuisance that invades and substantially interferes with the use and enjoyment of Plaintiffs' respective properties by causing extreme discomfort, annoyance and emotion distress to Plaintiffs attempting to use, maintain, and enjoy their properties. Further, Plaintiffs have suffered and continued to suffer from diminution of their properties value as a direct result of the unbearable noise, vibrations and low frequency sounds emissions created by Defendant. In support, Plaintiffs would respectfully show this Honorable Court the following:

## I.

## VENUE AND JURISDICTION

1. This court is a proper venue for trial of this action under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the cause of action occurred in Hood County, Texas.
2. At all relevant times, Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC., conducted business within Hood County, Texas, during all or a substantial part of the events or omissions giving rise to the cause of action occurred in Hood County, Texas.
3. This court has *in personam* jurisdiction over MARA pursuant to Texas' long-arm statute. Tex. Civ. Prac. & Rem. Code § 17.041 et seq. MARA conducts business in the State of Texas through operation of its cryptocurrency mining operation in Hood County, communicated with members of Plaintiffs directly in Hood County, and committed a tort in Texas.
4. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds jurisdictional limits, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in this District, and the acts, events, and/or omissions giving rise to Plaintiff's claims in this lawsuit occurred in this District.

6. Alternatively, this Court has jurisdiction over the state law-based tort claims described herein pursuant to 28 U.S.C. § 1367.

## II.

## PARTIES

7. Defendant, MARA HOLDINGS, INC. ("MARA"), a Nevada, foreign for-profit corporation, operates the MARA Granbury, located in Hood County, Texas whose business address is 2001 Mitchell Bend Hwy, Hood County, Granbury, Texas 76048. MARA is a digital asset technology company, which engages in mining cryptocurrency, with a focus on blockchain and digital assets. MARA may be served on by and through its registered agent, Vcorp Services, LLC. at 701 S. Carson Street, Suite 200, Carson City, NV, 89701.

8. Defendant, MARA HOLDINGS, INC. also known as MARATHON DIGITAL HOLDINGS, INC. MARATHON DIGITAL HOLDINGS, INC., a Nevada, foreign for-profit corporation, operates the MARA Granbury, located in Hood County, Texas whose business address is 2001 Mitchell Bend Hwy, Hood County, Granbury, Texas 76048. MARA is a digital asset technology company, which engages in mining cryptocurrency, with a focus on blockchain and digital assets. MARATHON DIGITAL HOLDINGS, INC., may be served on by and through its registered agent, Vcorp Agent Services, Inc., at 1999 Bryan Street, Suite 900 Dallas, Texas 75201.

9. Plaintiff, JEFFREY SEIDER, an individual, and resident of Hood Couty, Texas. JEFFREY SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2255 Osprey Court, Granbury, TX 76048. 2145 Osprey Court, Granbury, TX 76048.

10. Plaintiff, LEANN SEIDER, an individual, and resident of Hood Couty, Texas. LEANN SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2255 Osprey Court, Granbury, TX 76048. 2145 Osprey Court, Granbury, TX 76048.

11. Plaintiff, WILLIAM SEIDER, an individual, and resident of Hood Couty, Texas. WILLIAM SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048.
12. Plaintiff, BREANA SEIDER, an individual, and resident of Hood Couty, Texas. BREANA SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048.
13. Plaintiff, ZACHARY STEWART, an individual, and resident of Hood Couty, Texas. ZACHARY STEWART is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2145 Osprey Court, Granbury, TX 76048.
14. Plaintiff, LINDSEY STEWART, an individual, and resident of Hood Couty, Texas. LINDSEY STEWART is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2145 Osprey Court, Granbury, TX 76048.
15. Plaintiff, CHERIE GORE, an individual, and resident of Hood Couty, Texas. CHERIE GORE is a property owner in Hood County: 8503 8196 Hayworth Hwy, Granbury, TX 76048.
16. Plaintiff, BRENT HENRIKSON, an individual, and resident of Hood Couty, Texas. BRENT HENRIKSON is a property owner in Hood County: 8503 Weems Estates Dr., Granbury, TX 76048.
17. Plaintiff, JILL HENRIKSON, an individual, and resident of Hood Couty, Texas. JILL HENRIKSON is a property owner in Hood County: 8503 Weems Estates Dr., Granbury, TX 76048.

## III.

## INTRODUCTION

18. This lawsuit arises out the denial of Plaintiffs' use and enjoyment of their property via interference from the MARA's management and operation of the Cryptomine. The noise and vibrations caused by low frequency sound emissions from the Cryptomine's pervasive, persistent and unbearably loud equipment has resulted in interference with Plaintiffs use and enjoyment of their properties and has resulted in personal injuries which have manifested as direct result of Cryptomine's operation. The disruptive conditions created by the Cryptomine substantially interferes with the use and enjoyment of Plaintiff' properties. The

nuisance conditions also compromise the health and wellness of Plaintiffs, disturb their peace and comfort, resulting significant stress, anxiety and personal injuries for those living in the vicinity of the Cryptomine.

19. The Cryptomine substantial impacts and interferes with the use and enjoyment of the surrounding properties belonging to Plaintiffs. The interference takes the form of intrusive, unbearable noise and low frequency sound emissions, vibrations to homes and structures resulting in extreme annoyance, discomfort and personal injury. These prolonged and pervasive low frequency sound emissions and vibrations have caused noticeable and severe impacts on Plaintiffs who live in the vicinity of the Cryptomine. The mental and psychological impacts to Plaintiffs range from interrupted and lost sleep, irritability, fatigue, anxiousness, emotional and mental distress. Further, numerous Plaintiffs' have manifested physical ailments and injuries, which have caused them to lose enjoyment of their properties both upon their land, and inside dwellings and structures located on the properties, because of the noise from the Cryptomine.

20. The low frequency sound emissions and vibration have penetrated structures on Plaintiffs' various properties resulting in both mental and physical harm. As a direct result homes and structures located Plaintiffs' properties are no longer personal spaces of solitude and safety, having been transformed into beacons of noise pollution with near constant low frequency sound emission and vibrations which have caused Plaintiffs' mental and physical ailments. Worst of all, the presence of the Cryptomine has made it impossible for Plaintiffs to sell, lease or otherwise redeem monetary value from their properties that were purchased, habituated and maintained prior to the arrival of the Cryptomine.

21. The constant and unbearable noise, vibrations and low frequency sound emissions emanating from the Cryptomine constitute a private nuisance, substantially interfering with Plaintiffs' use and enjoyment of their properties. This egregious interference with Plaintiffs' properties has resulted in substantially interference with not only the use and enjoyment of Plaintiffs' properties but the nuisance conditions have compromised Plaintiffs' mental, psychology and physical health.

22. The rural aesthetic and quiet of Granbury, Texas, is situated far enough away from the noise and traffic of the Dallas-Fort Worth metroplex that it attracted Plaintiffs to purchase properties and make Granbury, Texas, their home. The peaceful solitude that Granbury, Texas, once provided to Plaintiffs and citizens of Granbury, Texas, was stolen from them through Defendant's operation, management and direction of the Cryptomine.

23. The Cryptomine is comprised of numerous metal structures encasing computer banks that are continuously engaged in the process of cryptocurrency mining via complex computer processing. The Defendant's cryptomining operation is an extremely energy demanding process that utilizes specialized computers to run complex algorithms to solve mathematical puzzles and equations thereby validating transactions on the blockchain or a digital ledger network, in return for digital currency.

24. Property owners with properties in the vicinity of the Defendant's cryptomining operation are paying a cost mentally, psychologically, physically, and in the diminution of their real properties value for the computer processing taking place at the Cryptomine. The number of computers and processors running continuously generate a significant amount of heat requiring, a robust cooling system to keep the equipment at optimal operational temperatures. The Cryptomine utilizes a cooling system that is comprised of large industrial fans that create pervasive noise, vibrations and low frequency sound emissions every minute of every day. Plaintiffs have no other recourse but to file this Complaint, to be consolidated with other pending cases and causes of action, to regain some semblance of the peaceful quiet and solitude that attracted them to call Granbury, Texas home in the first place, and to abate or be given the chance to escape the source of their mental and psychological impacts and maintain the use and enjoyment of their property or to recovery the lost monetary value of their properties.

## IV.

## STATEMENT OF FACTS

25. Plaintiffs are informed and believe, and upon such information and belief hereby allege the following:

26. Prior to the Cryptomine commencing its operations at 2001 Mitchell Bend Hwy, Hood County, Granbury, Texas 76048, the surrounding area was peaceful, quiet and free from any excessive auditory pollution through noise, vibrations or low frequency sound emissions.

27. Plaintiffs reside at and/or own their respective properties which surround the site of the Cryptomine, where previously they relished their right to the quiet use and enjoyment of their properties, unabated, living in solitude in a rural community which was free of large scale industrial and commercial operations that cause substantial noise pollution.

28. Operation and ownership of the Cryptomine has changed hands multiple times since the site's construction. MARA ultimately took ownership and control of the site and began operations of the Cryptomine.

29. As a result of MARA taking over operation and control of the Cryptomine, the Cryptomine's operation the pervasiveness of the noise from the cooling fans and the low frequency sound emissions exponentially became worse resulting in surrounding property owners experiencing adverse mental, psychological and physical ailments, and Plaintiffs loss of use and enjoyment of their property.

30. MARA in an attempt to mitigate the unbearable noise and low frequency sound emissions, erected a partial sound wall around forty-six percent (46%) of the Cryptomine. Plaintiffs and surrounding property owners report that the sound wall did not mitigate the unbearable noise or low frequency sound emission, instead the reverberations from the sound wall have served to amplify and worsen the noise, vibrations and low frequency sound emission that are penetrating their properties.

31. Since MARA commenced employment, management and control of the Cryptomine the unbearable noise, vibrations, and low frequency sounds emissions have severely impacted the mental, psychological, and physical health of Plaintiffs and/or surrounding property owners. Plaintiffs and/or surrounding property owners have suffered and will continue to suffer irreversible and permanent health issues and conditions. Further, the constant and pervasive nuisance that the Cryptomine has created has made it impossible for Plaintiffs to sell, lease or otherwise redeem monetary value from their properties that were purchased,

habituated and maintained prior to the arrival of the Cryptomine. Essentially, Plaintiffs have been left without any recourse to escape the detrimental impacts of the Cryptomine.

32. Through MARA's operation and management of the Cryptomine, and wrongful actions, inaction, and/or omissions MARA has financially impacted Plaintiffs in the form of increases to their electricity bills and decreases in their property values. Additionally, Plaintiffs report that they have noticed behavioral changes in their pets, livestock, and have experienced fewer sightings of wildlife in Hood County, Texas since the Cryptomine began operations under the management, control and oversight of Defendant.

33. Hood County Constable, John D. Shirley, Precinct 2 issued 37 citations through April 17, 2024, to MARA for noise violations at the Cryptomine pursuant to Texas Penal Code 42.01: Disorderly Conduct. Tex. Penal Code Ann. § 42.01(c)(2).

34. Texas Penal Code at § 42.01(c)(2) provides that "a noise is presumed to be unreasonable if the noise exceeds a decibel level of 85 after the person making the noise receives notice from a magistrate or peace officer that the noise is a public nuisance." Tex. Penal Code Ann. § 42.01(c)(2).

35. Plaintiffs and surrounding property owners have also complained to the Hood County Sherrif's Office about noise from the Cryptomine.

36. Plaintiffs and surrounding property owners have taken their own noise measurements with various decibel meters which have likewise shown that the noise levels are excessive and unreasonably high.

37. Plaintiffs have experienced a diminution of their properties value as result of MARA's Cryptomine operations.

38. However, with the change in ownership and expanded operations at the Cryptomine, and Defendant's operation, control and management of the Cryptomine, Plaintiffs and/or surrounding property owners began to experience and/or manifest mental, psychological and physical injuries as follows:

39. Plaintiff, JEFFREY SEIDER, an individual, and resident of Hood Couty, Texas. JEFFREY SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048;

2255 Osprey Court, Granbury, TX 76048. 2145 Osprey Court, Granbury, TX 76048, on or about July 2, 2020, and currently resides on the property. The property is located 0.89 miles from the Cryptomine. JEFFREY SEIDER has ceased enjoying the use of his property or spending time outdoors on his property and he no longer leaves windows or doors open due to the constant unbearable noise and low-frequency sound emissions.

40. Plaintiff, LEANN SEIDER, an individual, and resident of Hood Couty, Texas. LEANN SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2255 Osprey Court, Granbury, TX 76048. 2145 Osprey Court, Granbury, TX 76048, on or about July 2, 2020, and currently resides on the property. The property is located 0.89 miles from the Cryptomine. LEANN SEIDER has ceased enjoying the use of her property or spending time outdoors on her property and she no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions.

41. Plaintiff, WILLIAM SEIDER, an individual, and resident of Hood Couty, Texas. WILLIAM SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048, on or about July 2, 2020, and currently resides on the property. The property is located 0.89 miles from the Cryptomine. WILLIAM SEIDER has ceased enjoying the use of his property or spending time outdoors on his property and he no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions.

42. Plaintiff, BREANA SEIDER, an individual, and resident of Hood Couty, Texas BREANA SEIDER is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048, on or about July 2, 2020, and currently resides on the property. The property is located 0.89 miles from the Cryptomine. BREANA SEIDER has ceased enjoying the use of her property or spending time outdoors on her property and she no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions.

43. Plaintiff, ZACHARY STEWART, an individual, and resident of Hood Couty, Texas ZACHARY STEWART is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2145 Osprey Court, Granbury, TX 76048, on or about July 2, 2020, and currently resides on the property. The property is located 0.89 miles from the Cryptomine. ZACHARY STEWART has ceased enjoying the use of his property or

spending time outdoors on his property and he no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions.

44. Plaintiff, LINDSEY STEWART, an individual, and resident of Hood Couty, Texas. LINDSEY STEWART is a property owner in Hood County: 2200 Osprey Court, Granbury, TX 76048; 2145 Osprey Court, Granbury, TX 76048, on or about July 2, 2020, and currently resides on the property. The property is located 0.89 miles from the Cryptomine. LINDSEY STEWART has ceased enjoying the use of her property or spending time outdoors on her property and she no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions.

45. Plaintiff, CHERIE GORE, an individual, and resident of Hood Couty, Texas. CHERIE GORE is a property owner in Hood County: 8196 Hayworth Hwy, Granbury, TX 76048, on or about January 17, 2006, and currently resides on the property. The property is located 0.58 miles from the Cryptomine. CHERIE GORE has ceased enjoying the use of her property or spending time outdoors on her property and she no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions

46. Plaintiff, BRENT HENRIKSON, an individual, and resident of Hood Couty, Texas. BRENT HENRIKSON is a property owner in Hood County: 8503 Weems Estates Dr., Granbury, TX 76048, on or about August 19, 2019, and currently resides on the property. The property is located 0.01 miles from the Cryptomine. BRENT HENRIKSON has ceased enjoying the use of his property or spending time outdoors on his property and he no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions

47. Plaintiff, JILL HENRIKSON, an individual, and resident of Hood Couty, Texas. JILL HENRIKSON is a property owner in Hood County: 8503 Weems Estates Dr., Granbury, TX 76048, on or about August 19, 2019, and currently resides on the property. The property is located 0.01 miles from the Cryptomine. JILL HENRIKSON has ceased enjoying the use of her property or spending time outdoors on her property and she no longer leaves windows or doors open due to the constant unbearable noise and low-frequency emissions.

# V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Private Nuisance)

### Against All Defendants

48. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth herein.

49. Whether intentionally or negligently, Defendant has created and continues to create conditions that substantially interfere with Plaintiffs' use and enjoyment of their respective properties.

50. The conditions created by MARA qualify as a permanent private nuisance.

51. Defendant's actions are regular and constant and will continue to the detriment of Plaintiffs and surrounding property owners.

52. Defendant's conduct has resulted in and continues to result in substantial and unreasonable discomfort and annoyance to Plaintiffs when they attempt to use and enjoy their property, whether they are outside their homes or inside, upon their property or inside structures located on the property.

53. Plaintiffs are people with ordinary sensibilities.

54. Defendant's actions are unreasonable under the circumstances.

55. The unrelenting unbearable noise, vibrations and low frequency sound emissions from Defendant's operations at the Cryptomine have invaded, and continue to invade, Plaintiffs' properties and homes. The continuous operation at the Cryptomine have resulted in Plaintiffs and/or surrounding property owners suffering from mental, psychological and physical impairments and disorders.

56. The noise and sounds from MARA's unbearably loud operations at the Cryptomine have invaded, and continue to invade, Plaintiffs' properties and/or surrounding property owners are now unable to sleep through the night within their homes.

57. Plaintiffs are unable to enjoy the outdoors on their properties because of the noise created by the Cryptomine.

58. Plaintiffs' properties are also shaken by vibrations that originate at the Cryptomine. Plaintiffs feel these vibrations inside their own homes, structures on their properties and upon properties throughout the night and day.

59. In addition, Plaintiffs are informed and believe, and there upon allege that surrounding property owners have begun to experience harmful impacts to their health and wellbeing in the form of impaired hearing and/or hearing loss, interrupted and/or a complete lack of sleep, headaches, tinnitus, fatigue, irritability, stress, and anxiety.

60. Plaintiffs have experienced loss of use and enjoyment of their property and have experienced impacts to their personal property wherein livestock and dogs inexplicably become ill and show signs of severe anxiety, and sudden unexplained death of chickens on their properties.

61. Defendant's conduct substantially interferes with Plaintiffs' private use and enjoyment of their properties in the following respects:

   a. Defendants operate equipment such as industrial fans which cause pervasive and unbearable noise, vibration and low frequency sound emissions, at the Cryptomine which is located in an open field in close proximity to Plaintiffs properties and other surrounding properties;

   b. A small wall was erected to attempt to mitigate the noise pollution, which only covers forty-six percent (46%) of the Cryptomine premises. Plaintiffs are informed and believe, and thereby alleged that the insufficient sound wall actually amplifies the noise, vibration and low frequency sound emissions, and channels the unbearable noise, vibrations and low frequency sound emissions causing a more pronounced nuisance to Plaintiffs, their properties and the surrounding properties;

   c. The Cryptomine's excessively loud operations are pervasive and continuous throughout the daytime and become worse during the evening and throughout the night;

   d. The Cryptomine's unbearably loud operations occur twenty-four hours a day, every day, with no respite even on weekends;

e. The Cryptomine and employees have been issued numerous citations by the Hood County Constable for violations of Tex Penal Code Ann. § 42.01(c)(2) for the unbearable noise and low frequency sound emission emanating from the Cryptomine;

f. Plaintiffs and surrounding property owners often shelter in their homes to try and escape the persistent and intrusive noise, avoiding and limiting time spent outside on their properties and engaged in activities. Even with sheltering in place with window and doors firmly closed the constant and unbearable noise, vibrations, and low frequency sound emissions penetrate the walls of surrounding property owners' homes and penetrate their bodies causing mental, psychological and physical distress. Plaintiffs have been denied the peace and quiet that they had enjoyed before, turning the properties that Plaintiffs once viewed as a refuge into places of annoyance and discomfort.

g. Defendant's interference with and invasion of Plaintiffs' interests in their respective properties has caused, and continues to cause, damages to Plaintiffs.

62. Plaintiffs and/or surrounding property owners have suffered physical and mental health consequences as a result of the Cryptomine's operation. For example, Plaintiffs and/or surrounding property owners have experienced permanent hearing loss, cardiac hypertension, headaches, insomnia, neuropathy, hearing loss, tinnitus, and vertigo. In addition, Plaintiffs continue to suffer from insomnia, loss of sleep, and have reported brain fog, severe anxiety, stress, and irritability that impacts their daily lives.

63. Defendant's interference with and invasion of Plaintiffs interests in their properties has caused, and continues to cause, irreparable injury to Plaintiffs.

64. Plaintiffs are unable to escape the unbearable noise from the Cryptomine because the low frequency sound emissions are recurrent, ongoing, continuous, and able to penetrate their home and structures on their properties, both day and night.

65. Defendant's actions have caused Plaintiffs' annoyance, personal discomfort, and inconvenience. Plaintiffs have incurred additional injury by Defendant's operation of

Cryptomine in the form of loss of use and enjoyment of their respective properties, diminution to property value, and an increase in electricity bills.

66. Defendant will not cease or alter their operations at the Cryptomine and Defendant's actions effectively preclude Plaintiffs' use and enjoyment of their properties. Additionally, Plaintiffs will continue to suffer from insomnia, loss of sleep, and have reported brain fog, severe anxiety, stress, and irritability that impacts their daily lives.

67. Therefore, Plaintiffs and surrounding property owners will continue to suffer imminent harm and irreparable injury for which Plaintiffs have suffered monetarily.

68. Defendant will continue to create, cause and allow unreasonable noise and vibrations to permeate from its operations at the Cryptomine.

**SECOND CAUSE OF ACTION**

**(Negligence)**

**Against All Defendants**

69. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth herein.

70. Defendant had a duty to use reasonable care in operating the Granbury, Texas Cryptomine.

71. Defendant had a duty to use reasonable care in protecting Plaintiffs and surrounding property owners whose properties, houses, buildings, businesses, and other structures were in the appreciable zone of risk created by MARA's Cryptomine operations that foreseeably would be exposed to, and suffer, injury and harm as a result of, such risks.

72. Defendant also had a duty to use reasonable care to refrain from engaging in negligent and/or grossly negligent conduct that could cause unbearable noise, vibrations, and low frequency sound emissions that could directly and/or proximately result in injury, harm, damages, to nearby property owners and their businesses and property, such as Plaintiffs and surrounding property owners.

73. Defendant, however, failed to use reasonable care in operating and managing the Cryptomine thereby negligently, or in a grossly negligent manner, breaching their duty to nearby property owners and their businesses and property, including Plaintiffs and surrounding property owners. Defendant also failed to use reasonable care in protecting

Plaintiffs and surrounding property owners whose houses, buildings, businesses, other structures, and personal property were in the appreciable zone of risk created by the Cryptomine that foreseeably would be exposed to, and suffer, injury and harm as a result of such risks, thereby further negligently, or in a grossly negligent manner, breaching their duty to them.

74. Defendant failed to use reasonable care and negligently, or in a grossly negligent manner, breached their duties to nearby Plaintiffs and surrounding property owners by, *inter alia*, (i) failing to properly man, equip, and/or supervise the Cryptomine, (ii) failing to properly inspect, repair, and/or maintain its Cryptomine facilities, equipment, raw materials, and products, (iii) failing to properly isolate and abated unbearable noise, vibrations and low frequency sounds emissions at the Cryptomine, and (iv) failing to promulgate, implement, and/or enforce policies, procedures, protocols, rules, and/or regulations and/or comply with state and federal governing law, rules, and regulations to ensure the safe operation of the Cryptomine, which in turn, could have (and would have) prevented the unbearable noise, vibrations and low frequency sounds emissions which have causes surrounding landowners personal injuries and Plaintiffs to lose the use and enjoyment of their properties.

75. Defendant knew or should have known that its wrongful actions, inaction, and/or omissions in failing to carry out its above-described duties in operating the Granbury, Texas Cryptomine could (and would) result in injury, harm, and damage to nearby property owners and their businesses, property, dwellings and livestock, including Plaintiffs and surrounding property owners.

76. It was also imminently foreseeable to Defendant that if they failed to exercise reasonable care in operating the Granbury, Texas Cryptomine that Plaintiffs and surrounding property owners would suffer injury, harm, and damages that they, in fact, have suffered (and will continue to suffer). There is no other foreseeable group of individuals and entities that would be directly and/or proximately injured or harmed by Defendant's above-described wrongful actions, inaction, and/or omissions other than Plaintiffs and surrounding property owners.

77. As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, negligence, gross negligence, and the resulting unbearable noise, vibrations, and low frequency noise emissions, Plaintiffs and surrounding property owners have suffered (and will continue to suffer) injury, harm, and damages to their property, businesses, and themselves. Defendant's above-described wrongful actions, inaction, omissions, and the resulting unbearable noise, vibrations, and low frequency noise emissions constitute negligence and/or gross negligence at Texas common law. Plaintiffs have suffered damages for which Plaintiffs seek recovery from MARA. Plaintiffs and/or surrounding property owners seek the following damages: Past and future medical expenses; past and future physical pain and suffering; past and future physical impairment; past and future mental anguish and suffering.

78. The negligence, carelessness, omissions and indifference of Defendant, directly and proximately caused the harm to Plaintiffs' that is the basis of this lawsuit, and the injuries and damages to Plaintiffs complained of herein.

**THIRD CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**Against All Defendants**

79. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth herein.

80. Intentional infliction of emotional distress ("IIED") elements are (1) defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiffs' emotional distress, and (4) the emotional distress suffered by the plaintiffs was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). "The elements of IIED ensure that mental anguish is both foreseeable and genuine." *Hardin v. Obstetrical & Gynecological Assocs*., P.A., 527 S.W.3d 424, 436 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

81. As a result of popular discontent, legal actions, and community campaigns regarding the unbearable noise, vibrations and low frequency sound emissions that are caused as a direct result of MARA's Cryptomine operation in Granbury, Texas, Defendant was on notice and well aware that Plaintiffs and/or surrounding landowners were and are suffering from

injuries, loss of the use and enjoyment of their properties, and diminution of properties value. Defendant failed to abate the noise, vibrations and low frequency sound emission, and have increased operations at the Cryptomine intentional and reckless continued to cause and intensify Plaintiffs' and surrounding landowners' injuries.

82. Defendant's conduct in the operation of the Cryptomine is extreme and outrageous. "Extreme and outrageous" conduct means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffmann--La Roche*, 144 S.W.3d at 445; *GTE SW., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). Plaintiffs and surrounding property owners often shelter in their homes to try and escape the persistent and intrusive noise, avoiding and limiting time spent outside on their properties and engaged in activities. Even with sheltering in place with window and doors firmly closed the constant and unbearable noise, vibrations, and low frequency sound emissions penetrate the walls of Plaintiffs and surrounding property owners' homes and penetrate their bodies causing mental, Psychological and physical distress. Plaintiffs have been denied the peace and quiet that they had enjoyed before, turning the properties that Plaintiffs once viewed as a refuge into places of annoyance and discomfort. Defendant with the knowledge that their operations at the Cryptomine continue to harm Plaintiffs and surround property owners continue in an extreme and outrageous manner without any regard to the human toll it has taken.

83. Plaintiffs and surrounding property owners have all been subjected to emotional distress as a direct result of Defendant's operation of the Cryptomine. Further, the emotional distress suffered by Plaintiffs is severe and only becoming worse with the continued operation of the Cryptomine. Plaintiffs have been placed in a position of having their psychical and mental health adversely impacted by the Cryptomine's operation, having their use and enjoyment of their property stripped from them, and having their livelihoods tattered for Defendant's Cryptomine to earn a profit while emitting constant unbearable noise, low frequency sound emissions, and vibrations.

84. Because of the severe and palpable emotional distress, Plaintiffs and surrounding property owners have incurred ongoing damages, and seek to be made whole upon a finding of Defendant's liability for intentional infliction of emotional distress.

**FOURTH CAUSE OF ACTION**

**(Restitution)**

**Against All Defendants**

85. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth herein.

86. As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and resulting unbearable noise, vibrations, and low frequency noise emissions, that extended far beyond the Cryptomine's premises, Plaintiffs have suffered (and will continue to suffer) injury, harm, and damages to their property, business, and possibly themselves. As a matter of justice, equity, and good conscience, therefore, resulting in unbearable noise, vibrations, and low frequency noise emissions should be compelled to make full restitution to Plaintiffs and surrounding property owners in the form and in an amount to be determined by the trier of fact.

**VI.**

**JURY TRIAL**

87. Plaintiffs demand a jury trial and tender the appropriate fee with this Original Complaint.

**VII.**

**PRAYER**

WHEREFORE, the Plaintiffs respectfully pray for the following relief upon trial:

1. For these reasons, Plaintiffs pray that Defendant be cited to appear and answer, and that upon final trial of this cause, Plaintiffs have a judgment against Defendant for damages in an amount in excess of the minimum jurisdictional requirements of this Court. Plaintiffs pray for all relief sought herein, and any other or further relief to which he may be entitled;
2. Actual, consequential, and compensatory damages (including, *inter alia*, damages to real and personal property, lost profits, loss of use damages, and out-of-pocket evacuation

expenses) or, in the alternative, restitution, in an amount to be determined by the trier of fact;

3. Prejudgment and post-judgment interest at the maximum rate permitted by law;
4. For costs of suit incurred; and
5. For such other and further relief, at law or in equity, to which the plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ Steven S. Dias

Steven S. Dias
State Bar No. 24135825
**DIAS HALL LAW, P.C.**
5049 Edwards Ranch Clearfork, 3rd Floor 3-161
Fort Worth, TX 76109
Phone: (817) 510-2911
Facsimile: (559) 354-0318
sdias@diashall.com
service@diashall.com
**ATTORNEY FOR PLAINTIFFS**